UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON REVELORIO-OSORIO,<br><br>                          Petitioner,<br><br>v.<br><br>JEREMY CASEY, et al.,<br><br>                          Respondents. | Case No.:  26-CV-3440 JAO (GC)<br><br>**ORDER GRANTING WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

Presently before the Court is Petitioner Nelson Revelorio-Osorio's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Also before the Court is Respondents Markwayne Mullin's (Secretary of the U.S. Department of Homeland Security), Todd Lyons's (Acting Director of Immigration Customs Enforcement), Jeremy Casey's (Warden of the Imperial Regional Detention Center), and Todd Blanche's (Acting Attorney General of the United States) Response to Petition, ECF No. 4.

For the reasons set forth below, the Court **GRANTS** Petitioner's Petition for Writ of Habeas Corpus on due process grounds.

## BACKGROUND

Petitioner, a citizen of Guatemala, entered the United States around August 1, 2016 as an unaccompanied minor.  *See* ECF No. 1 at 5.  Petitioner was immediately placed in

26-CV-3440 JAO (GC)

custody and processed. *See id.* He was released from custody to his aunt, who was his approved sponsor in the United States. *See id.* Since then, he has filed an application for asylum, received employment authorization, openly resided and worked in the United States, and remained known to federal immigration authorities. *See id.* He has also established substantial ties within his community and lived without any allegation that he posed a danger to the community or was a flight risk. *See id.*

After nearly a decade after Petitioner's release from custody, on April 27, 2026, immigration authorities re-detained him in Florida. *See id.* at 6. Petitioner was not informed why he was detained or what change in circumstances justified his re-detention. *See id.* He has since been transferred through multiple detention facilities until he was ultimately placed at the Imperial Regional Detention Facility in Calexico, California. *See id.* Petitioner argues that he is entitled to release because the government violated his due process rights by re-detaining him without notice or an opportunity to be heard. *Id.* at 9.

Although Respondents acknowledge that this case is not materially distinguishable from other cases where this Court granted the petitioner relief. ECF No. 4 at 2. They contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225 and reserve their right to appeal. *Id.* But based on the Court's prior decisions, Respondents do "not oppose the petition." *Id.* at 3.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court.

26-CV-3440 JAO (GC)

*Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

Petitioner argues that abrupt re-detention without justification or consideration of his individualized circumstances violates the Due Process Clause. ECF No. 1 at 9. The Court agrees.

The Fifth Amendment guarantees that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (9th Cir. 2001). "[I]t is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (citations omitted). Although the initial decision to detain or release an individual may be within the government's discretion, "the government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[] to live up to the . . . conditions [of release].'" *Id.* (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). "Thus, even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody [he] has a protected liberty interest in remaining out of custody." *Id.* (citing *Romero v. Kaiser*, 2022 WL 1443250, at *2 (N.D. Cal. May 6, 2022)).

3

26-CV-3440 JAO (GC)

Upon arrival, Petitioner was detained as an unaccompanied minor and released to his aunt, who served as his approved sponsor in the United States. *See* ECF No. 1 at 5. After almost ten years of being able to reside at liberty in the United States without incident, Petitioner was re-detained. *See id.* at 5–6. Within those ten years, Petitioner established substantial community ties, has been working, and has not been accused of posing a danger to the community or being a flight risk. *See id.* Petitioner has a protected liberty interest in remaining out of custody. *See, e.g.*, *Pinchi*, 792 F. Supp. 3d at 1034 ("[Petitioner's] release from ICE custody after her initial apprehension reflected a determination by the government that she was neither a flight risk nor a danger to the community, and [Petitioner] has a strong interest in remaining at liberty unless she no longer meets those criteria."); *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1164 (S.D. Cal. 2025) ("Petitioner is not an 'arriving' noncitizen but one that has [been] present in our country for over a year. This substantial amount of time indicates he is afforded the Fifth Amendment's guaranteed due process before removal."); *Alvarenga Matute v. Wofford*, 807 F. Supp. 3d 1120, 1129 (E.D. Cal. 2025) (E.D. Cal. Oct. 3, 2025) (finding petitioner had a protected liberty interest in his release).

As Petitioner has a protected liberty interest, the Due Process Clause requires procedural protections before he can be deprived of that interest. *See Matthews v. Eldridge*, 424 U.S. 319, 335 (1976). To determine which procedures are constitutionally sufficient to satisfy the Due Process Clause, the Court must apply the *Matthews* factors. *See Matthews*, 424 U.S. at 335. Courts must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.*

The Court finds that all three factors support a finding that the Government's re-detention of Petitioner without notification, reasoning, or an opportunity to be heard,

denied Petitioner of his due process rights.  First, as discussed above, Petitioner has a significant liberty interest in remaining out of custody pursuant to his conditional parole. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects." *Zadvydas*, 533 U.S. at 690.  Petitioner has an interest in remaining in his community and continuing the process of seeking asylum.  *See Morrissey*, 408 U.S. 471 at 482 ("Subject to the conditions of his parole, he can be gainfully employed and is free to be with family and friends and to form the other enduring attachments of normal life.").

Second, the risk of an erroneous deprivation of such interest is high because Petitioner was re-detained without providing him a reason or giving him an opportunity to be heard.  *See* ECF No. 1 at 9.  Respondents have not indicated that he should remain in custody based on evidence that he poses a danger to the community and is a flight risk. *See Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1760 (N.D. Cal. 2017) ("Release reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk.").  Petitioner has resided in the United States without incident, has work authorization, and is working towards asylum status.  *Id.*  "Once a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings." *Saravia*, 280 F. Supp. 3d at 1760.  "Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk[.]" *Id.*

"Where, as here, 'the petitioner has not received any bond or custody hearing,' 'the risk of an erroneous deprivation of liberty is high' because neither the government nor [Petitioner] has had an opportunity to determine whether there is any valid basis for [his] detention." *Pinchi*, 792 F. Supp. 3d at 1035 (quoting *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025)) (cleaned up).

Third, the Government's interest in detaining Petitioner without notice, reasoning, and a hearing is "low." *See id.* at 1036; *Matute*, 807 F. Supp. 3d at 1130; *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. Nov. 22, 2019) ("If the government wishes

to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low."). Respondents fail to point to any burdens on the Government if it were to have provided proper notice, reasoning, and a pre-deprivation hearing. *See generally* ECF No. 5.

Therefore, because Respondents re-detained Petitioner in violation of the Due Process Clause, his detention is unlawful. *See, e.g.*, *Navarro Sanchez*, 2025 WL 2770629, at *5 (granting a writ of habeas corpus releasing petitioner from custody to the conditions of her preexisting parole on due process grounds).[1]

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) on due process grounds, and **ORDERS** Respondents to immediately release Petitioner from custody subject to the conditions preexisting prior to his re-detention. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner is entitled to notice of the reasons and a hearing before a neutral decision maker to determine whether detention is warranted. The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight. *See, e.g.*, *Matute*, 807 F. Supp. 3d at 1133; *Pinchi*, 792 F. Supp. 3d at 1038; *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1097 (E.D. Cal. 2025); *Martinez Hernandez v. Andrews*, 2025 WL 2495767, at *14 (E.D. Cal. Aug. 28, 2025); *Isaev, v. LaRose, et al.*, 2026 WL 1162758, at *3 (S.D. Cal. Apr. 29, 2026). The Parties

---

[1] The Court need not address Petitioner's claim arising under the APA because the Petition can be resolved on due process grounds. However, the Court notes that other courts have found violations of the APA based on similar grounds. *See, e.g.*, *Navarro Sanchez*, 2025 WL 2770629, at *4 (finding revocation of petitioner's parole arbitrary and capricious because respondents did not state any reasons for the revocation); *Noori*, 807 F. Supp. 3d at 1156 ("Petitioner's parole was revoked without an individualized determination or provided reasoning, which violated the APA.").

26-CV-3440 JAO (GC)

are **ORDERED** to file a Joint Status Report by June 23, 2026, confirming that Petitioner has been released.[2]

 **IT IS SO ORDERED.**

Dated:  June 16, 2026



Jill A. Otake
United States District Judge

---

[2] Petitioner requested attorney's fees, related expenses, and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  *See* ECF No. 1 at 10.  Petitioner's counsel may submit an appropriate EAJA fee application within 30 days of the issuance of this Order.  See 28 U.S.C. § 2412(d)(1)(B).

26-CV-3440 JAO (GC)